UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-20849-CR-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUAN CARLOS MATEO,

    Defendant.
_____/

## ORDER ON MOTION FOR BOND PENDING SENTENCING

This matter arose upon Defendant Juan Carlos Mateo's request to remain on bond pending sentencing, which was raised at his Change of Plea hearing. The Honorable Jose E. Martinez, United States District Judge has referred this matter to the undersigned Magistrate Judge to hold an evidentiary hearing to determine whether the Defendant should remain on bond pending sentencing. An evidentiary hearing was held on January 8, 2007. At the hearing, the parties, including the probation officer, agreed that Mr. Mateo should remain on bond, subject to a curfew and electronic monitoring, pending imposition of his sentence. For the reasons stated on the record at the hearing, and summarized below, the motion is granted, and Defendant Juan Carlos Mateo shall remain on bond, subject to the same conditions previously imposed and the additional condition of a curfew between 7 p.m. and 5:30 a.m., with electronic monitoring to be paid for by the Probation Office. Mr. Mateo shall obtain a telephone for the purpose of implementing the electronic monitoring requirement on or before close of business on Tuesday, January 16, 2007. pending the imposition of sentence.

Defendant Juan Carlos Mateo has entered a plea of guilty to Count 1 of the pending Indictment, which charges him with Conspiracy to Defraud the United States,

**Commit Health Care Fraud, and Pay and Receive Kickbacks, in violation of Title 18, United States Code, Section 371.  The maximum sentence which can be imposed is five years of incarceration.  Pursuant to a plea agreement, the parties have agreed that the applicable advisory sentencing guideline range is ten to sixteen months.  In addition, Mr. Mateo has agreed to cooperate with the government, and the government may file a motion for a downward departure from this range is the cooperation rises to the level of substantial assistance.  The Government represented to the Court that it presently intends to file such a motion.  Sentencing is set for February 16, 2007.**

   **Title 18, United States Code, Section 3143(a) governs the circumstances under which the Court can order the release of a defendant who has entered a plea of guilty and is awaiting the imposition of sentence.  That statute provides, in pertinent part:**

> **[T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline  ... does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).  If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).**

   **In the case at bar, the Probation Officer has recommended that the bond be revoked on the grounds that Mr. Mateo was arrested on October 25, 2006, by the Hallandale Police Department and charged with Grand Theft in the 3rd Degree.  He was released on $1,000.00 bond the following evening.  The charges subsequently were dropped on November 17, 2006.  The circumstances of this arrest were established by the arrest report, relevant portions of which were read into the record.  Mr. Mateo was arrested after security officers discovered approximately 20 pieces of cut copper pipe in**

the back of his car at his place of business. According to the security guard, Mr. Mateo was attempting to leave the premises with this copper. At the time of his arrest, Mr. Mateo denied that he was attempting to leave the premises. The value of the copper was approximately $500.00.

On October 26, 2007, at approximately 1:35 p.m., Officer Navarro made an unannounced home visit at Mateo's residence. Nobody was present, and Officer Navarro left his card on the door, with instructions to Mr. Mateo to call him. On October 27, 2007, at 9:40 a.m., Officer Navarro returned to the residence, and again nobody answered the door. The card he left on the previous afternoon had been removed. Officer Navarro left a letter which instructed Mr. Mateo to immediately report to Officer Navarro. Mr. Mateo met with Officer Navarro later that day. Mr. Mateo claimed that on October 26, 2006, he had left his residence at 7:30 a.m. to look for work, and that he had not returned until 10:30 p.m. that night. In addition, Officer Navarro specifically asked Mr. Mateo if he had been arrested, and Mr. Mateo stated that he had not been arrested.

In the case at bar, it is undisputed that Mr. Mateo did not report his arrest, and that he was untruthful about this arrest when specifically questioned by the Probation Officer. On the other hand, Mr. Mateo has been gainfully employed, has reported as directed, has not missed a court appearance, and neither the government nor the probation officer is presently advocating his immediate incarceration. The government has represented that there is a possibility, based upon its recommendation of a downward departure, that the defendant will be sentenced only to home confinement rather than to the custody of the Bureau of Prisons. The defendant was remorseful concerning his failure to report this arrest to his probation officer, and his active deceit in this regard.
3

**Based upon the above facts, although it is a close question, the undersigned finds that Mr. Mateo has established by clear and convincing evidence that he is neither a risk of flight, nor a danger to the community.**

**Therefore, based upon the above proceedings, it is hereby**

**ORDERED AND ADJUDGED that Defendant Juan Carlos Mateo's request to remain on bond pending sentencing is GRANTED, and he is permitted to remain on bond with the same conditions as previously set and the additional requirement that he abide by a curfew between 7:00 p.m. and 5:30 a.m., with electronic monitoring to be paid for by the U.S. Probation Office. Mr. Mateo shall cause a telephone which can be used for electronic monitoring be installed at his residence no later than January 16, 2007.**

**DONE AND ORDERED in Miami, Florida on January 8, 2007.**

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**The Honorable Jose E. Martinez**
    **United States District Judge**
**All Counsel of Record**
**USPO Jim Navarro**